THOMPSON, Presiding Judge,
dissenting.
I would affirm the trial court’s order granting Lindsey Wheeler’s motion for a new trial on the ground that the verdict was. against the great weight or preponderance of the evidence.
“‘The decision whether to grant or to deny a motion for a new trial rests within the sound discretion of the trial court.’ CSX Transp., Inc. v. Miller, 46 So.3d 434, 446 (Ala. 2010) (citing Jordan v. Calloway, 7 So.3d 310, 313 (Ala. 2008)).” CNH America, LLC v. Ligon Capital, LLC, 160 So.3d 1195, 1209 (Ala. 2013). Regarding the propriety of the granting of a new trial based on the sufficiency of the evidence, our supreme court has explained:
“In Jawad v. Granade, 497 So.2d 471 (Ala. 1986), this Court established the standard of review it would apply when a party appeals from an order granting a motiop for a new trial on the basis that the jury’s verdict was ‘against the great weight or preponderance of the evidence’:
[A]n order granting- a motion for a new trial on the, sole ground that the verdict is against the. great, weight or preponderance of the evidence will be reversed for abuse of discretion where on review it is easily perceivable from the record that the jury verdict is supported by the evidence.’
“497 So.2d at 477.”
Beauchamp v. Coastal Boat Storage, LLC, 4 So.3d 443, 449 (Ala. 2008).
In granting Wheeler’s motion for a new trial,'the trial court found that “the verdict [in favor of the* defendant,- Valerie Taylor,] was against the great weight and preponderance of the evidence.” In reviewing the record in this case, I conclude that it is not “’easily perceivable from the record that the jury verdict is supported by the evidence.’” Id. (quoting Jawad v. Granade, 497 So.2d 471, 477 (Ala. 1986)). Accordingly, I believe that the trial court did not abuse its discretion in granting a new trial.
I would affirm the judgment of the trial court; therefore, I respectfully dissent.
Moore, J., concurs.